UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 3:21-CR-00109-2 |
| v. ) | |
| ) | Judge Trauger |
| DEBORAH HAMPTON ) | |

### FORFEITURE MONEY JUDGMENT

Based on the Defendant's consent, the pleadings in this matter and the facts of the case, the Court finds as follows:

The Defendant was charged at Count Nine of the Indictment with a violation of 18 U.S.C. § 1956(h).

The Forfeiture Allegation of the Indictment gave notice that upon conviction of Count Nine, pursuant to 18 U.S.C. § 982(a)(1), the Defendant would be liable to forfeit to the United States any property, real or personal, involved in or traceable to the violation of 18 U.S.C. § 1956(h).

The Forfeiture Allegation of the Indictment also gave notice to the Defendant that the United States shall be entitled to forfeiture of substitute property, and the United States intends, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant up to the value of the property subject to forfeiture.

The Defendant has had an opportunity to be heard on this matter and has acknowledged that the proceeds of her offense are $21,000 United States currency as to Count Nine and the United States would be entitled to a money judgment in that amount.

There is, therefore, a preponderance of evidence that the value of the property, real or personal, involved in or traceable to the violation of 18 U.S.C. § 1956(h) is $21,000 United States currency. This sum is forfeitable to the United States.

It is, therefore, ORDERED that:

A. A Consent Order of Forfeiture Consisting of a $21,000 United States currency Money Judgment as to Count Nine ("Order of Forfeiture") is hereby taken against the Defendant. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Order of Forfeiture shall become immediately final as to the Defendant, by her consent, and shall be made part of the sentence and included in the Judgment in a Criminal Matter by reference therein. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

B. The United States may engage in discovery — including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas — without further application to the Court to facilitate the identification and location of property declared forfeited, substitute assets, and to facilitate the disposition of any petitions for remission, mitigation or restoration.

C. The United States Probation and Pretrial Services will provide the Defendant's Presentence Report and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery.

D. Any financial statement submitted in this matter for a pro bono attorney by the Defendant is hereby released to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery.

E. The IRS shall release any of the Defendant's tax returns — to the Asset Forfeiture Unit of the United States Attorney's Office —for the years beginning 2019 through the pendency of the payment of the full amount of forfeiture.

F. The Defendant agrees to cooperate fully and to execute any supplementary documents and to take any additional actions that may be necessary or appropriate to effect this agreement as to forfeiture and restitution.

G. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to include substitute property having a value not to exceed the total subject to forfeiture to satisfy the Order of Forfeiture in whole or in part.

H. The Defendant's interest in substitute assets, once identified, shall be forfeited up to the amount of the Order of Forfeiture.

I. Although it is the intent of the parties that any payment that the Defendant makes toward forfeiture will be credited to reduce the restitution amount via the remission and restoration process, the Money Laundering and Asset Recovery Section of the United States Department of Justice retains ultimate discretion regarding whether to grant or deny any request related to the remission and restoration process.

J. Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then the Defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $21,000 United States currency is made in full.

K. Upon payment of said Order of Forfeiture in full, the United States shall file a satisfaction of judgment with the District Court and the appropriate clerk of the county in which any transcript or abstract of the Order of Forfeiture has been filed.

L. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this  8th   day of _____June_____ 2023.

_____
ALETA A. TRAUGER
United States District Court Judge